*526 OPINION.
Korner:
The only question for determination here is whether the income reported by the Citizens Loan Association, a corporation, for the years 1918 and 1919 and by the Citizens Loan Association, a copartnership, for the year 1920, belonged in fact to the corpora *527 tion or the copartnership. If the income reported is attributable to the corporation the determination of the Commissioner should be approved; if it is attributable to the partnership the determination of the Commissioner should be disapproved and the income in question apportioned among the several members of the copartnership, in accordance with section 218(a) of the Revenue Act of 1918.
Taxpayer admits that there was during the years 1918, 1919, and 1920, a corporation organized under the laws of the State of Illinois, and known as the Citizens Loan Association. It contends, however, that there was in existence during those years a copartnership also operating under the name of the Citizens Loan Association and that the income reported by the corporation for the years 1918 and 1919 and also the income reported by the copartnership for the year 1920, now proposed to be taxed as corporation income, was earned by the copartnership and, as a matter of fact and law, belonged to the co-partnership and should be reported by and taxed as income to the several partners. With this contention we are unable to agree.
The testimony in this case is not entirely clear. On the other hand it is full of conflicting statements and as to the material points is sometimes vague and confusing. However, the testimony when considered with the other evidence, establishes the following pertinent facts which we believe are decisive of the issue presented. The evidence clearly establishes to our mind that prior to July 1, 1917, there was in existence a corporation organized under the laws of the State of Illinois and known as the Half Rate Loan Co. There was also a partnership operating under the trade name of South Side Savings Bank. Some time in the month of July, 1917, the Half Rate Loan Co. amended its charter, increased its authorized capital and changed its corporate name to Citizens Loan Association. It immediately distributed its assets to its then stockholders, and then issued its capital stock to the members of the copartnership, the South Side Savings Bank, in exact proportion to their respective interests in the partnership and received in exchange all the assets of the partnership which had been used in its “ small loan business.” The partnership then and there became completely divorced and separated from the small loan business taken over by the corporation, although it continued to operate for the purpose of liquidating the savings bank side of its business. The corporation continued in business during the years 1918 and 1919 and reported its corporate income. On December 27, 1919, the stockholders, by written instrument, agreed to form a new partnership composed of themselves, to take over the assets and business of the corporation, and recited in the agreement their reasons therefor, to wit, that “the laws of Illinois do not permit a corporation to carry on such a business ” (the small-loan business), and that “the corporation has caused increased taxation to said parties.” On January 1, 1920, the assets of the corporation were delivered to the new partnership and soon thereafter it was resolved by the stockholders of the corporation that the corporation should be dissolved. It was not in law dissolved but it was in fact abandoned and became dormant on January 1, 1920, and has transacted no business since that time.
The claim made by taxpayer that the business operated as the Citizens Loan Association during the years 1918 and 1919 did not belong to the corporation but to a partnership of the same name, is *528 not borne out by the evidence. In fact, it does not appear that there was ever a partnership by that name prior to January 1, 1920. It is true that in February, 1917, a partnership was formed which operated under the name of the South Side Savings Bank, but its assets, with the exception of those used exclusively in the banking end of its business, were, in July, 1917, taken over by the corporation in exchange for its capital stock. This partnership which became practically lifeless when the small loan business was transferred to the corporation, appears to have used at times the name “ Citizens Loan Association ” as well as its own trade name. This fact does not, however, establish any ownership by the partnership of the assets of the corporation. The small loan business of the partnership was transferred to the corporation, belonged to it from the time of such transfer and was operated as a corporation business during the years 1918 and 1919. This fact is clearly established by the act of the stockholders on December 27,1919, when they formed a new partnership, for a formal legal instrument which recites that the assets in question belonged to the corporation. That they did not belong to the old partnership is. further established by the fact that a new partnership was formed composed of the same members who composed the old partnership. If the assets in question did belong to the old partnership the forming of the new partnership to take them over was a useless and unnecessary action.
After full and careful consideration of the evidence in this case, we are of the opinion that the Citizens Loan Association, a corporation succeeded to the small loan business of the South Side Savings Bank in 1917, and continued in business during the years 1918 and 1919, and that the income in question for those years is properly attributable to it and not to any partnership of the same name. The determination of the Commissioner as to those years is therefore approved. With reference to the year 1920, we find that the assets of the corporation were on January 1, 1920, transferred to a partnership known as the Citizens Loan Association, and that the corporation ceased its operations on that date. The income in question for the year 1920, therefore is the income of the new partnership and should be apportioned among and reported by the several partners in their individual returns. The determination of the Commissioner as to the year 1920 is therefore disapproved.